### Z. G. KING et al. v. J. H. NUTALL et al.

1. FEME COVERT. *Power of attorney.* A *feme covert* cannot, under our statutes, execute a power of attorney either to her husband or to any other person, even though, in the latter case, her husband join therein, by which such agent or attorney can lawfully sell and, by deed, convey the lands of the *feme covert* to a third party.

    Cases cited: Cope v. Meeks, 3 Head, 388; Gillispie v. Worford, 2 Cold., 632.

2. SAME. *Statute of limitations.* Where the husband and wife join in a conveyance of the wife's land, which is void as to the wife, she has seven years, after she becomes *discovert*, within which to bring her action.

King v. Nutall.

Cases cited: Miller v. Miller, Meigs' R., 484; McCorry v. King's Heirs, 3 Hum., 267.

3. SAME. *Same.* But where, during coverture, the husband and wife are disseized of the wife's land, she is limited to three years after her husband's death within which to bring her action.

Cases cited: Guion v. Anderson, 8 Hum., 298; Weisenger v. Murphy, 2 Head, 674; McClung v. Sneed, 3 Head, 218.

FROM DYER.

Appeal from the Circuit Court. G. B. BLACK, Judge.

Moss & SKEFFINGTON for complainants.

LATTA & RICHARDSON for defendants.

DEADERICK, J., delivered the opinion of the court.

This is an action of ejectment brought December 6, 1870, in the Circuit Court of Dyer county, by Emily Nutall against the plaintiffs in error.

During the progress of the writ the plaintiff below, Emily Nutall, departed this life, and the cause was revived in the name of the defendants in error, as her heirs at law.

Verdict and judgment were rendered in favor of the plaintiffs below, and the defendants have appealed in error to this court.

The writ was brought to recover two hundred and ninety acres of land in said county, allotted to Emily Nutall in the partition of 3,510 acres devised by her late father, Wm. Hawkins, of North Carolina, to her and her brother and sisters.

Emily Hawkins intermarried with James Nutall in the year 1832, in North Carolina. The land was partitioned in 1834.

In October, 1844, James Nutall and his wife, Emily Nutall, executed a power of attorney to Thomas J. Connell, to sell and convey the land allotted to Emily in the partition of the 3,510 acres tract.

In August, 1846, under this power, Thomas J. Connell sold and conveyed the two hundred and ninety acres to Stephen King, the ancestor of plaintiffs in error, and put him in possession thereof, which he and his heirs at law have ever since held.

In December, 1860, James Nutall died, and this suit was begun in December, 1870.

The defendants below, in defence of the action, relied upon the deed executed by Connell, as attorney-in-fact of James Nutall and wife, and upon the statute of limitations, and their possession of the land sued for under said deed.

Without considering the objections taken in the argument to the form of the execution of the deed by the attorney-in-fact, we hold that the instrument, which purports to be a power of attorney from Nutall and wife to Connell, was inoperative to confer the power upon Connell to convey the estate, in the lands mentioned, of the wife of Nutall.

In *Cope* v. *Meeks*, 3 Head, 388, Judge McKinney, in delivering the opinion of the court, says: "The act of 1715, ch. 28, substituted a deed jointly executed by husband and wife, and acknowledged in the form prescribed, instead of the common law modes of convey-

ance, and in no other way can the wife's estate pass under our law. It is indispensable that the husband shall be a party to his wife's conveyance."

The case of *Cope* v. *Meeks* was one in which the husband had not joined in the deed for the wife's land, but the wife's execution was in all respects regular as to her signature and privy examination.

There is no statute conferring on the wife the power to convey her real estate by joining with her husband in the execution of a power to a third person to make such conveyance, and she can do this only in the mode prescribed by statute.

So in the case of *Gillispie* v. *Worford*, 2 Cold., 632, Judge Mulligan, delivering the opinion of the court, held "that a *feme covert* cannot, under our statutes, execute a power of attorney, either to her husband, or to any other person, by which such agent or attorney can lawfully sell, and by deed, convey the lands of the *feme covert* to a third party."

It has been earnestly and plausibly argued that the act of 1839, ch. 26, Nich. Sup., 237, confers this power.

We do not think so. That act is entitled, "An act to provide for the probate and registration of deeds and other instruments executed beyond the limits of the United States, and for other purposes." It relates to the regularity of the registration of deeds and other instruments. The act provides that after the lapse of twenty years from the registration, it (the registration) shall be presumed to have been made upon lawful authority.

The act does not purport to give validity to a deed by the fact of twenty years registration when, by the want of the legal execution of the instrument, it is of no validity against the party sought to be charged by its execution.    It only means that certain defects and omissions of the clerk or register shall not make the registration invalid.    It cannot be intended that a registration of a deed or other instrument, made not in conformity to law, shall impart to such deed or instrument legal efficiency in the conveyance of property, which such deed or instrument, if in form properly executed and regularly registered, could not have.

The object of the act, like those of 1831 and 1833, "was, not to enlarge the powers of *feme coverts* to dispose of their real estate, or to create any new method of disposal, or in any manner to alter or substantially change the recognized formula of doing so," but was simply to correct obvious defects in the registration laws: 2 Cold., 636.

James Nutall died in December, 1860, leaving his widow Emily, and the present plaintiffs, their children, surviving him.

This action was begun in December, 1870.    Leaving out the computation, the time between 1860 and 1870, during which the statutes of limitations were suspended, more than three and less than seven years had elapsed from the time of the death of James Nutall to the time when this suit was begun by his widow, Emily Nutall.

The question is, does the statute of three years ap-

ply so as to bar plaintiff's right to recover, or did the widow have seven years within which to begin suit after discoverture.

We have seen that the deed of Connell to King was a nullity, so far as it attempted to convey the right of Emily Nutall; but as a conveyance of the estate or interest of her husband, James Nutall, it was valid and operative, as much so as if he had made the conveyance directly, without his wife joining with him in the execution of it.

The case stands, then, as if James Nutall had, by his separate and sole conveyance, transferred to the bargainee all his interest in the land, and is in principle like the case of *Miller* v. *Miller*, Meigs' R., 484, and *McCorry* v. *King's Heirs*, 3 Hum., 267. In these cases it is held that the bargainee goes into possession of the estate, under the husband's deed, during the coverture of the wife; that by his deed the husband is estopped to sue, and the wife cannot sue without joining her husband with her; that the bargainee's possession is not adverse to the wife's right, any more than the possession of her husband's was, so that no cause of action accrued to them, or to either of them during the husband's life, and that the wife or her heirs would be allowed seven years within which to commence suit after the death of the husband, as she nor her heirs had any right of action until after the husband's death.

By marriage, the husband and wife became jointly seized of the wife's estate, and if there be a *disseizin* during the coverture, it, is of the whole joint estate,

and the husband and wife must bring their joint action within seven years, or their joint right of action will be barred.   If the wife survive the husband, she will have three years only after discoverture within which to bring her action.   *Guion* v. *Anderson,* 8 Hum., 298; *Weisenger* v. *Murphy,* 2 Head., 674; *McClung* v. *Sneed,* 3 Head., 218.

The two classes of cases are distinguishable in the fact that in the first-named the husband by his deed having estopped himself to sue, and the wife not being able, in law, to sue alone, no right of action had come or accrued to her to bring suit during her coverture, and the statute of limitations does not begin to run against her until she had a right to sue.

In the other class of cases named there is a right to a joint action to recover the estate of the wife, of which the husband is jointly seized with his wife, which attaches upon the *disseizin.*   There is no legal impediment to the bringing of the joint action, and if they neglect for seven years to bring suit, their right of action will be barred.   If, however, the wife survive the husband, she may, by the proviso of the statute, bring her action within three years after her discoverture.

The charge of the Circuit Judge was in conformity with the views expressed in this opinion, and there is no error in the judgment, and we affirm it.